We'll proceed to the third case, Gretchen Narkiewicz-Laine v. Doyle. We'll proceed to the fourth case, Gretchen Narkiewicz-Laine v. Kevin Doyle. Good morning, Your Honors. May it please the Court. I'm Susan Fibus, and I represent Christian Narkiewicz-Laine. He was the plaintiff in the court below and the appellant here. Plaintiff is an artist. We are here because in July of 2010, defendants removed and destroyed all of plaintiff's artwork, his inventories of his artwork, and other personal property that plaintiff had stored for years in an apartment that he rented from the defendants. Based on the defendant's destruction, plaintiff sued for violation of his moral rights under the Visual Artist Rights Act, which I'll call VARA, a 1990 amendment to the Copyright Act, and violation of his property rights under state law, alleging claims of trespass, conversion, and negligence. Plaintiff seeks three forms of relief. Number one, a new trial based on the district court's admission of plaintiff's conviction that was over 14 years old in violation of Federal Rule of Evidence 609B and related evidentiary errors at trial. Number two, reversal of the district court's improper reduction of the jury verdict by $120,000, which plaintiff elected as statutory damages on his VARA claim. And number three, reversal and remand for a determination of plaintiff's right to attorney's fees under Section 505 of the Copyright Act. On the attorney's fees issue, the case is straightforward. The district court made two distinct legal errors. First, plaintiff should have been deemed the prevailing party for purposes of attorney's fees under Section 505 of the Copyright Act based on his $120,000 in statutory damages on his VARA claim. The United States Supreme Court has made it clear that a party prevails for purposes of attorney's fees when it is awarded some relief from the court. And the leading case there is Buchanan Board and Care Home v. West Virginia Department of Health and Human Resources. The magnitude of the win is irrelevant. Even a nominal jury verdict will suffice, and that's the United States Supreme Court in Farrar v. Hobby. Well, couldn't you say the same thing for your opponent? Pardon me? Did they prevail to a certain extent? No, they did not. Were you an anomaly? No. There was one winner here, and that was us. Well, you just said you could win if you were anomaly prevailing. They can't be anomaly prevailing? No, absolutely not. How many pieces of art do you believe were in that apartment? The claim was 1,457. How many did the jury find? The jury found four were protected as VARA. But that's not the law. The law isn't that you take a claim and you break it up into little pieces. The law is that there's one winner and there's one loser. And in cases, in copyright cases, where defendants have received fees, it's because they had clear wins. The case was dismissed. The motion for summary judgment was denied. I mean, a clear win. Here, the plaintiff got a $120,000 verdict. That, he prevailed. Nobody else. But didn't Judge Coppola recognize that this may be a hard question and it may be a disputed question? And I think that's what explains why he put footnote 6 in his order. Footnote 6 says that his decision on the attorney's fees would be the same even if he considered you a prevailing party. So, aren't we, given that footnote, aren't we operating under abusive discretion in your view? In other words, we can't say that he committed a legal error in light of the presence of footnote 6. Well, in our view, it is a legal error, even with footnote 6. Because footnote 6 is a problem in and of itself. Because footnote 6 demonstrates that he didn't do the proper analysis to determine whether or not the plaintiff was entitled to fees. Under Fogarty v. Fantasy, the United States Supreme Court case, you can't just, you can't just, a detailed analysis has to be undertaken as to whether or not fees should be awarded. And that never happened here because it was all short-circuited. And the bifurcation was made. There was no discussion. And if he had done a proper Fogarty analysis, which is required, he would have had to consider frivolousness, motivation, objective unreasonableness, the need to advance considerations of compensation and deterrence. The district court didn't mention Fogarty, didn't do a Fogarty analysis. Hold on, hold on. What do you mean? He cited it. But not the factors. Only the fact that there is a Fogarty case. But he never discussed the Fogarty factors. And this court has not hesitated to remand cases where the district court failed to explain the grounds of its decision in sufficient depth for the court to understand whether the determination was reasonable. The Susan Walking Dahl Company versus Ashton Drake Galleries, that's one case. And in Mostly Memories versus Your Ease Only in 2008, this court said that the district court's decision will be reversed and remanded any time it is, and I quote, true threadbare to constitute a reviewable exercise of discretion. I mean, this was threadbare. And in terms of the decision, really, the law is clear that the plaintiff prevailed. Turning to the district court's improper reduction of the verdict, the jury awarded plaintiff $420,000, and that's what he's entitled to. The $120,000 in statutory damages that the plaintiff elected to receive under VERA was not included in the $300,000 jury verdict on the plaintiff's state court claims. First of all, VERA and the state court claims redress different wrongs. VERA redressed the violation of plaintiff's intangible moral rights in his art, and the state law claims redressed the violation of plaintiff's tangible property rights. Nintendo seems to be the leading case, and it's the Nintendo paradigm, one act, two wrongs. And Nintendo also recognized that statutory damages have a different purpose than actual damages. Second, the damages awarded to plaintiff under state law were measured differently than the damages that plaintiff elected on his VERA claim. And the jury instructions made this clear. Jury instruction number 45 laid out the measure of actual damages for violating plaintiff's tangible property rights under state law, and that was the fair market value of the property immediately before the occurrence. And that was the same measure for actual damages under VERA as described in jury instruction number 43. But the measure of actual damages under VERA became irrelevant and non-operative once plaintiff elected statutory damages under VERA. It wasn't even part of the judgment. I think your point's a fair one, okay? But here's what I think you have to grapple with, at least in my mind, on that. Judge Kapala said that even though the plaintiff opted for statutory damages, statutory damages are nonetheless compensatory. Well, I... Okay. I mean, he did, right? I mean, you might disagree that he's wrong about that, but that's what he concluded. I'm not sure exactly. Is he right about that? Well, first of all, I'm not sure that's what he concluded. I think he just blew by statutory damages and... No, no, no.  He didn't. He put a footnote. He put footnote 2 in his opinion. And in footnote 2 of his opinion, he says statutory damages are merely an alternative form of compensating the plaintiff. That is not accurate. Okay. If he's right about that, the offset makes sense. Right. And here's why he's not right about that. Statutory damages, and Nintendo said it, statutory damages and actual damages serve different purposes. Actual damages are designed to compensate for, as we said, the fair market value of the property, actual tangible property rights. Statutory damages under VARA are designed to deal with something different. And if you look at the jury instruction, which is jury instruction number 44, that lays out the measure of damages. And it says, it makes it clear that it's not measured by the fair market value of the property. It's based on other factors, the expenses that the defendant saved, the profits he earned, the revenues the plaintiff lost because of the destruction, the difficulty of proving actual damages, the circumstances of the destruction and deterrence. And the point of this, that's why a living artist can recover under VARA. Well, let me get back to Nintendo. Nintendo, there was also a separate trademark violation. That's true. Well, there were two different things. We have two different things here. We've got VARA and we've got the state law claims. Two different bases for relief. They both relate to the destruction of artwork, right? And so did Nintendo. It was one sale of the copyright. One was a positive thing, using trademark violations as opposed to destroying property. But it gave right. Nintendo said one act, two wrong, two harms. And that's what we have here. Well, the district court made that distinction in any event, right? Pardon me? The district court, in this case, made that distinction in Nintendo. I think the district court completely misread Nintendo. Do you want to save some time? Yes, thank you. I don't want to cut you off. No, I was just about to say thank you. Thank you. Ms. Bryan. Thank you, Your Honors. May it please the Court. The jury in this case awarded $300,000 to the plaintiff, whose name is pronounced Mr. Renarkavich-Lane. We're required to practice that at the trial. Mr. Renarkavich-Lane wants to keep that amount and add to it. The doctrine of the law of the case would prohibit this result. The law of the case applies to all questions which are raised and decided in an appeal. In this appeal, Mr. Renarkavich-Lane has decided not to appeal the common law claims, thus rendering that decision on the common law claims the law of this case. He would like for this court to reverse on the VARA claims and send it back for a new trial and reversal on some of these other issues. However, because the common law claims, in fact, made determinations as to the value of the property that was lost, that law of the case would then travel back to the district court if you were to reverse on the VARA claims and impact the VARA claims in a way that would be inconsistent with bringing new VARA claims because VARA also provides for a claimant to receive actual damages or statutory damages. VARA is not merely a claim in which you receive statutory damages. You can receive either or. In fact, in this case, the jury verdict form had two separate lines, one where the jury was to find what the actual damages under VARA were and one separate line under which they could find what the statutory damages under VARA were. Only after the jury had rendered its verdict was plaintiff then given the opportunity to choose which one he wanted to pick. In this case, the jury found that both the actual damages for the four pieces that were lost and the statutory damages were the same. They said they're both worth $120,000. And so that's why in the common law verdict where they awarded $300,000, by virtue of the way that the instructions are, you have to assume that the $120,000 of actual damages that the plaintiff received for his artwork under VARA and just generally are incorporated into that $300,000. So my understanding is that the plaintiff, or in this case the appellant, in this case is able to make a determination after the trial is over on base. It's a little unusual, isn't it? It's a very nice thing for plaintiffs, I will say. It is something that has been determined by many courts. It's something that is, I think, fairly read into VARA, and VARA was passed, I think, in order to try and really, frankly, give artists a tremendous number more rights than even typical copyright holders. Mr. Bryan, I want to ask you a question about the argument you're advancing here, okay? So when that choice is made, the choice that Judge Kaney is pointing to, and the plaintiff chose statutory damages, if we look at that verdict form, the one that you were pointing out, can we, for all practical purposes here, just assume that the top part is just X out the moment that the plaintiff makes that choice? In other words, the plaintiff says, I want $120,000 of statutory damages, right? Yes. So he's opted not to take any in actual damages? Yes. Okay. It's a little confusing here because they're the same number. Right. But he's opted for statutory damages. Correct. Okay. What throws me off about that is that in your brief, you say on page 34, only the actual VARA damages were awarded for the four artworks, and that's what was deducted from the common law verdict. But that's not right. What was netted against the common law verdict were the statutory damages because the plaintiff opted to take zero in actual damages. The moment he made that choice, the top part of the form became zero. Except that, and perhaps we didn't explain this very well in the brief, the actual damages that were awarded under the common law necessarily includes actual damages for those four artworks because the jury was specifically instructed, give actual damages for everything that was in the space. I think you're probably right about that. But why does that mean that you then net against that statutory damages? Well, our argument is not that we are netting the statutory damages. Under VARA, the plaintiff is not entitled to both actual and statutory. And because we know from the jury verdict form that the jury specifically decided that the actual damages for those four artworks was $120,000, you can't have both statutory and actual. He made it zero. He made it zero with his choice, and he chose statutory damages. And if statutory, I think your argument rises and falls on whether statutory damages are compensatory. I really do. And that was certainly, as you made the point earlier in the footnote of Judge Capalla's order, he mentions the fact that it is a compensatory in nature. Our argument, and again, I don't necessarily agree that when you have information about what the jury decided and the jury said this is worth $120,000 and everything together is worth $300,000, I don't think that a plaintiff can then essentially nullify that jury verdict by saying no, we're going to treat the actual that they found as though it's zero because I've opted for statutory. It effectively allows the plaintiff an end run around VARA's principle that you cannot get both statutory and actual for the same stuff. And so if it's true that by opting for statutory, automatically that nullifies the jury verdict's actual finding of actual damages worth $120,000 under VARA, then to me that's a double recovery. Suppose the jury came back and they filled the top part of the form out by putting zero in it. And they filled the bottom out with $120,000. The plaintiff is always going to choose the $120,000 over zero. More importantly, the plaintiff would be entitled to $420,000 in that instance. Okay, so what you're arguing then is what's netted is the top part of the form. Yes, because it's not zero. Because you can't get both actual and statutory damages under VARA. That's what VARA specifically says. You cannot have both. And both in the form of the one part of actual damages was included in the common law claims. And so that's exactly the point. You cannot get both under the statute. And by using the common law claims to say, well, I can get the actual that they awarded merely under the common law claims, despite the fact that we know that's exactly the same as what they awarded under VARA, that that's a double recovery. Absolutely. Let me ask you just a general question. Was there any evidence of the plaintiff in this case actually selling artwork? No, he in fact admitted repeatedly that he had never sold a single piece. He'd never sold a painting. Correct. He'd never sold anything. He had photographs, allegedly. He never sold anything. But the jury determined that it was of some value, apparently. Well, Your Honor, that's what's interesting about this. And we haven't even really... Counsel hasn't talked yet about the felony conviction. And yet one of the more interesting aspects about seeking a new trial because of the admission of the felony conviction is that the plaintiff wasn't prejudiced by that. The jury did in fact award him $300,000, $120,000 of which were for these four alleged artworks. And that doesn't reflect any sort of prejudice against the fact that he was convicted of fraud and lying to the FBI 14 years prior to this case. Apparently you had 12 potential buyers. Perhaps. That also goes to the point about prevailing party. They found that four artworks were protected under VARA and they awarded the maximum amount within the range under VARA of statutory damages, $30,000 for each work. That's assuming they did not find it. Not assuming, but they specifically found there was no willfulness and no innocence. So within the range of statutory damages, they said $30,000 for each work. Well, each of those four artworks was awarded a high damage award. However, counsel made an interesting point about saying you can't break up a claim when talking about who the prevailing party is. You can't take a single claim and break it up into different parts. But that's not what we're doing. The plaintiff brought 1,547 different claims. If he had brought one claim and said this one piece of art is subject to VARA and we're entitled to damages under VARA for that one piece of art, that could have been a trial in and of itself. That was one complete holistic claim that stood on its own two feet. And so the fact that he won four of his claims does not render him the prevailing party for 1,453 of the remaining claims on which the defendants very clearly prevailed and would be entitled to res judicata if he tried to sue them again to say you destroyed this piece of art. And that is why the district court was quite correct in determining that there really was no prevailing party. As to Judge Capalla's footnote about how he wouldn't have awarded plaintiff's attorney's fees in any event, he didn't necessarily go factor by factor in determining who was the prevailing... I'm sorry. He did determine there was no prevailing party. Had he determined a prevailing party, there are certain factors that one can consider in deciding then thereafter whether you award attorney's fees. And he did not go through each and every one of those factors. However, his decision on who the prevailing party was did in fact touch on a lot of those issues. The fact that this case, which rendered a $300,000 verdict, was essentially turned into an $11 million case, which is why it went for as long as it did and there was so much at stake here. Plaintiff is appealing not because he didn't win, because he did in fact get $300,000, but because he didn't get $11 million, which is what he felt that his artwork was worth. Similarly, the credibility factors here in terms of the admission of his conviction, the jury in awarding him this money and finding that three of these artworks were protected under VARA found that $180,000 worth of other things that were not protected under VARA were also destroyed. In terms of whose credibility was really at stake here, I would posit that perhaps the jury believed less the plaintiff's expert who opined that these artworks supposedly were worth $11 million. It's not that they didn't believe the plaintiff. The plaintiff said, I had lots and lots of stuff in there, I had all my art, I had this and that, and they awarded him $300,000 for that despite the fact that the defendant's witnesses uniformly said this was a bunch of junk and it was dirty and it was dark and it was something that needed to go in the dumpster. So the conviction didn't even have that impact. Your experts indicated, did they set a value or no value on the artwork? We did. We had our expert, I believe he assessed a value of just a little over $5,000 for everything that was alleged to be art. So ultimately, in terms of the prevailing party issue, the Copyright Act, not the Copyright Act, case law on the Copyright Act requires that plaintiffs and defendants are treated equally. Unlike nearly all of the cases that plaintiffs cite on the prevailing party issue, which are civil rights cases where there is a much more overweening public policy in favor of awarding plaintiffs who even prevail slightly on their claims with their attorney's fees. This is a pure and simple Copyright Act claim where both parties are to be treated equally. Fogarty v. Fantasy, which is cited extensively by the parties, is clearly a case in which they specifically, the Supreme Court specifically says both sides are to be treated equally. And frankly, if this court determines that the lower court was wrong in determining that there was no prevailing party, the correct remand would be to send it back to determine who of either party was prevailing and perhaps both were. Because again, the defendants won 1,453 claims, independent, stand-alone, Copyright Act, VARA claims, and the plaintiff only won four. The issue really is are you prevailing because you, on balance, you receive something that may be much less than what you requested. Yes, I think the issue there is he didn't necessarily, the plaintiff didn't necessarily request less for the four artworks. He did in fact get a pretty decent damage award for just those four artworks, but he received absolutely zero for the 1,400 or so other artworks that he brought his claims on. And in those cases, in those claims, stand-alone claims, the defendants clearly prevailed. What was presented to the jury to establish there were 1,400-plus artworks on the second floor? The plaintiff himself prepared great big notebooks in which he had each page represented or had either a visual picture, if he had one, of what he claimed was an artwork, or it would actually say no picture available. And then his expert... What was the percentage where there was a visual of the 1,400, where there were actual visual records of the artwork? Of the artwork, maybe a third, between a third and a half, I want to say. I didn't account, so I don't know. And that's it for my time. Thank you very much. All right, thank you. Thank you. Well, hopefully I can make three quick points. First of all, the law of the case does not apply here. The law of the case only applies to findings of fact... or to conclusions of law, not findings of fact, which is what we're talking about here with what the jury found. Number two, it's clear that the statutory damages are getting at something different than actual damages. And I think, Judge Scott, you've got it right. Once you cross that off, all you're looking at is the statutory damages, which do serve different purposes, which you can see clearly by looking at jury instruction number 43. And if you look at Nintendo, they also make that distinction. I mean, it's really quite different. The third part, the third thing I'd like to talk about is the prevailing party. And Judge Scudder, also, you talked about footnote 6 in the court's opinion. He says, In the event the court had to declare only one party as the prevailing party in this case, it is not clear who that would be. That's a legal error. I mean, if you look at the case law, Judge Kennedy said, well, you didn't get as much as you wanted. That's right. You can still prevail, even if you didn't get as much as you wanted. This business about breaking it up into the claims, it's a complete red herring. It really is. And as I indicated, and the cases are cited on pages 21 and 22 of our reply brief, where defendants in copyright cases have gotten fees, it wasn't an either-or. Somebody prevailed. Somebody didn't prevail. And where defendants prevail, it's because they win. The case is dismissed. The motion for summary judgment is granted. This is really sort of a made-up theory. And there was one case where it was alluded to, that's cited in our brief, and it was rejected. Well, the fact is that Fogarty says equitable discretion should be exercised. I'm sorry? Equitable discretion should be exercised in making these decisions. Well, that's true. But that's true. But Fogarty doesn't say, but Fogarty, that's the second legal error. Fogarty just doesn't say, oh, okay, do what you want. Fogarty says there are very specific things that you have to consider. And we've cited in our brief, there are a bunch of cases where this court has sent cases back to the district court because they couldn't tell the basis upon which the district court was making its Fogarty analysis. And some of them you can tell. You didn't want to do it. You didn't want to do it. You liked the charge. You thought it was close. But you felt like you had to. And in this case, it wasn't even close. Merely acknowledging that there is a case called Fogarty is not a Fogarty analysis. Thank you very much. Thanks to all counsel. Case is taken under advisement.